EDWARD B. HAMBLY *vs.* MICHAEL HAYDEN.

NEWPORT—JUNE 3, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

Where both compensatory and punitive damages are awarded, it is not the right of the party against whom they are assessed to have the award specify how much thereof is for compensatory and how much is for punitive damages.

An action of trespass for damages to the person is not abated by the death of the plaintiff after a decision in his favor and before the entry of judgment thereon, his administrator having entered an appearance to prosecute the suit.

TRESPASS for assault and battery.    Heard on defendant's petition for a new trial on grounds stated in the opinion.

PER CURIAM.    Damages in the sum of $500, including, as stated in the decision, both compensatory and punitive damages, having been awarded, the defendant petitions for a new trial, contending that he is entitled to have the decision specify how much of the award is for compensatory and how much for punitive damages.    We do not think that the court was required to make the specification.

The decision was rendered December 18, 1897, and the plaintiff died March 7, 1898.    The administrator of the plaintiff entered his appearance May 5, 1898.    Gen. Laws R. I. cap. 218, § 5, provides that in case of the death of a party to

a suit before final judgment has been entered, and the cause of action survives, his administrator may prosecute or defend such action to final judgment. By Gen. Laws R. I. cap. 233, § 7, clause 3, causes of action and actions of trespass for damages to the person survive. Our opinion is, therefore, that the death of the plaintiff after the rendition of the decision, and before the entry of judgment thereon, did not abate the suit.

We deny the petition for a new trial, and direct the entry of judgment on the decision.

*Charles Acton Ives*, for plaintiff.
*Charles E. Gorman*, for defendant.